UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHAD BUNI, et al.,

    Plaintiffs,                                       Civil Action No. 18-CV-12243

vs.                                                  HON. BERNARD A. FRIEDMAN

COUNTY OF WAYNE,

    Defendant.

_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the Court on defendant's motion to dismiss [docket entry 30]. Plaintiffs have filed a response in opposition, and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the motion without a hearing.

This action challenges defendant Wayne County's notice of intent to issue bonds to finance a capital improvement project referred to as the "Criminal Justice Center." The notice was published on April 17, 2018, in the printed edition of the *Detroit Free Press* and the *Detroit News*. Am. Compl. ¶¶ 39, 46, 56. Plaintiffs are "residents, registered voters, and taxpayers in Wayne County, Michigan," *id.* ¶ 7, who allege that the notice failed to comply with Mich. Comp. Laws § 141.2517 and that defendant violated their due process rights under the Fourteenth Amendment and the Michigan Constitution. Plaintiffs seek a declaratory judgment that the notice violated their due process rights. *Id.* at 20. They also seek an order requiring defendant to re-issue the notice and to ensure that future bond notices provide adequate due process protections. *Id.*

Plaintiffs initiated this action on July 17, 2018. On July 20, 2018, they filed a motion for a temporary restraining order and preliminary injunction in an effort to stop the sale of the bonds by defendant. This request for injunctive relief was denied by the Court at the conclusion

of a hearing on July 25, 2018, and by the Sixth Circuit on appeal. *See Buni v. Wayne Cty.*, No. 18-1881 (6th Cir. Aug. 16, 2018). Defendant sold the bonds at issue on August 8, 2018, and the sale closed on August 16, 2018. Def.'s Br. at 4. On September 12, 2018, plaintiffs filed an amended complaint. Defendant now seeks dismissal under Fed. R. Civ. P. 12(b)(6).

In Count I, plaintiffs argue that defendant's notice of intent failed to comply with the requirements in Mich. Comp. Law § 141.2517 that it "state the maximum amount of municipal securities to be issued, the purpose of the municipal securities, [and] the source of payment . . . ." Defendants argue that Count I should be dismissed because the notice did meet these requirements. In denying plaintiffs' motion for a temporary restraining order and preliminary injunction, the Court determined that "the notice of the intended bond sale published by defendant in the two newspapers complied with the applicable Michigan statute" [docket entry 17 at 1]. The Sixth Circuit considered this finding when it affirmed the Court's denial of preliminary injunctive relief, and the Court stands by its conclusion regarding the notice's compliance with the statute.

In Count II, plaintiffs allege that defendant violated their state and federal due process rights because the notice failed to inform them of the nature of the project and "the amount to be paid," and because the notice was published "in a manner calculated to minimize actual notice." Am. Compl. ¶ 80. The Court finds that plaintiffs have not shown that a due process violation resulted from these aspects of the notice because the notice complied with Mich. Comp. Law § 141.2517, as noted above. The Michigan Supreme Court has held that a statute must be presumed to be constitutional and must be construed as such, "unless the only proper construction renders the statute unconstitutional." *In re Treasurer of Wayne Cty. for Foreclosure*, 732 N.W.2d 458, 462 (Mich. 2007). Applying this presumption to the relevant statute in the present case, there

is no reason to find that Mich. Comp. Laws § 141.2517 is unconstitutional or to conclude that compliance with its provisions would result in the deprivation of a constitutional right.

In *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005), the Sixth Circuit determined that notice "reasonably calculated to reach interested parties" is the standard "now widely accepted as the benchmark for resolving questions about the constitutionality of notice procedures." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 318 (1950)). In *Harter v. City of Swartz Creek*, 242 N.W.2d 792, 794 (Mich. Ct. App. 1976), the Michigan Court of Appeals concluded that this standard was met where a notice was published in a city's newspaper in compliance with Mich. Comp. Laws § 46.175b because the notice was "calculated to give reasonable notice to the taxpayers involved." In that case, the notice was for the issuance of municipal bonds that were to be redeemed by ad valorem taxation. *Id.* at 793. To determine what form of notice would be appropriate, the court weighed the plaintiff's right to notice "against the factors of economy and practicability." *Id.* In deciding that notice by publication was sufficient, the court stated that "the property right to be free from an increase in general ad valorem taxation is qualitatively less compelling" than the rights at issue in cases involving special assessment districts where "publication of notice in a local newspaper would always be constitutionally deficient as to known parties." *Id.* at 794.

Considering the reasoning in *Harter* and the circumstances of this particular case, such as that the "the subject bonds do not impose any new costs on County taxpayers," Def.'s Br. at 24, and that defendant surpassed the statute's publication requirement by publishing the notice in two newspapers, as opposed to one, the Court concludes that defendant's notice by publication was "reasonably calculated to reach interested parties." *Karkoukli's, Inc.*, 409 F.3d at 283; *see Karpenko v. City of Southfield*, 254 N.W.2d 839, 842-43 (Mich. Ct. App. 1977) (holding that notice

3

by publication of proposed zoning amendments, as provided by the zoning enabling act, is sufficient based on *Harter* and the finding that "[c]ourts in other jurisdictions have uniformly held that notice by publication is sufficient . . . ." (internal citations omitted)).

Further, in *Karkoukli's, Inc.*, the Sixth Circuit quoted the Michigan Supreme Court's conclusion that "[f]or due process purposes, the focus must be on the constitutional adequacy of the statutory procedure and not on whether some additional effort in a particular case would have in fact led to a more certain means of notice." *Karkoukli's, Inc.*, 409 F.3d at 284 (quoting *Smith v. Cliffs on the Bay Condominium Ass'n*, 617 N.W.2d 536, 542 (Mich. 2000)). Thus, plaintiffs' assertions that the notice in this case should have been published differently and that additional steps should have been taken by defendant to allow the public to access the notice online are insufficient to state a due process claim.

For the reasons stated above,

IT IS ORDERED that defendant's motion to dismiss is granted.

                                        s/Bernard A. Friedman
Dated: April 11, 2019             Bernard A. Friedman
       Detroit, Michigan       Senior United States District Judge